**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* _____   Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy                    04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Lurin Real Estate Holdings VI, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | DBA  Estates at Palm Bay |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 82-1895193 |

| | |
|---|---|
| 4. | **Debtor's address** |

**Principal place of business**

2101 Cedar Springs, Suite 1050
Dallas, TX 75201
Number, Street, City, State & ZIP Code

Dallas
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**
302 Blessinger Drive Fort Walton Beach, FL 32547
Number, Street, City, State & ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.lurin.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor    Lurin Real Estate Holdings VI, LLC                                    Case number (*if known*) _____
          Name

**7.  Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

■ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

        5313

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page 2

Debtor    Lurin Real Estate Holdings VI, LLC _____    Case number (*if known*) _____
      Name

List all cases. If more than 1, attach a separate list

| | | | | | |
|---|---|---|---|---|---|
| Debtor | See Rider 1 | | Relationship | Affiliate |
| District | USBC - Southern District of Texas | When | Case number, if known |

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard?  _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other  _____

**Where is the property?**  _____

    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency  _____

        Contact name  _____

        Phone  _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ■ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ■ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ■ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

SimplyAgree Sign signature packet ID: 92cbf18c-9b00-4592-9e4a-c4affe4976a3

| Debtor | Lurin Real Estate Holdings VI, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      06/03/2026
                 MM / DD / YYYY

X    *Mark Shapiro*                                    Mark Shapiro
     Signature of authorized representative of debtor   Printed name

Title    Chief Restructuring Officer

**18. Signature of attorney**

X    /s/ Joshua W. Wolfshohl                     Date    06/03/2026
     Signature of attorney for debtor                    MM / DD / YYYY

Joshua W. Wolfshohl
Printed name

Porter Hedges LLP
Firm name

1000 Main Street, 36th Floor
Houston, TX 77002
Number, Street, City, State & ZIP Code

Contact phone    (713) 226-6000       Email address    jwolfshohl@porterhedges.com

24038592 TX
Bar number and State

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page 4

**Rider 1**

**Affiliated Entities**

On March 2, 2026, and dates following, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in the United States Bankruptcy Court for the Southern District of Texas a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filings of these petitions, such entities filed a motion requesting joint administration of their chapter 11 cases under the case number assigned to the chapter 11 case of Lurin Real Estate Holdings XXI, LLC.

Lurin Real Estate Holdings XXI, LLC [Case No. 26-90344 (ARP)]
Lurin Real Estate Holdings XXVIII, LLC [Case No. 26-90391 (ARP)]
Lurin Real Estate Holdings XXXIII, LLC [Case No. 26-90392 (ARP)]
Lurin Real Estate Holdings LXV, LLC [Case No. 26-90424 (ARP)]
Lurin Real Estate Holdings XI, LLC [Case No. 26-90432 (ARP)]
Lurin Real Estate Holdings XXXVIII, LLC [Case No. 26-90431 (ARP)]
Lurin, LLC [Case No. 26-90437 (ARP)]
Lurin Advisors, LLC [Case No. 26-90438 (ARP)]
Lurin Real Estate Holdings LXIV, LLC [Case No. 26-90441 (ARP)]
Lurin Equity Partners XL, LLC [Case No. 26-90445 (ARP)]
Lurin Equity Partners XLI, LLC [Case No. 26-90444 (ARP)]
Lurin Equity Partners XLIII, LLC [Case No. 26-90443 (ARP)]
Lurin Equity Partners XXXIV, LLC [Case No. 26-90442 (ARP)]
Lurin Real Estate Holdings XXII, LLC [Case No. 26-90520 (ARP)]
Lurin Real Estate Holdings XXVI, LLC [Case No. 26-90521(ARP)]
Lurin Real Estate Holdings XXIV, LLC [Case No. 26-90557(ARP)]
Lurin Real Estate Holdings XXV, LLC [Case No. 26-90556(ARP)]
Lurin Real Estate Holdings VI, LLC

# LURIN REAL ESTATE HOLDINGS VI, LLC

*Written Consent of the Sole Manager and the Sole Member*

June 1, 2026

The undersigned, being the sole manager (the "***Manager***") and the sole member (the "***Member***") of Lurin Real Estate Holdings VI, LLC, a Delaware limited liability company (the "***Company***"), hereby approves, consents to, and adopts the following recitals and resolutions, and the actions authorized in such recitals and resolutions, as the act of the Manager by written consent as of the date set forth above.

## *Filing of Bankruptcy Petition*

WHEREAS, pursuant to the Third Amended and Restated Company Agreement of the Company dated effective as of August 14, 2024 (the "***Company Agreement***"), the Manager has exclusive and complete authority and discretion to manage the operation and affairs of the Company and to make all decisions regarding the business of the Company, subject to certain items which the Company Agreement specifies must also be approved by the Member and by the Company's independent managers (the "***Independent Managers***");

WHEREAS, the Company Agreement specifies that making any filing or taking any other action under creditors rights laws, including bankruptcy, would be a material action requiring the unanimous consent of the Manager, the Member and the Independent Managers;

WHEREAS, the Independent Managers have consented to a chapter 11 bankruptcy proceeding by the Company;

WHEREAS, the Manager and the Member, acting pursuant to the laws of the State of Delaware, have considered the financial and operational aspects of the Company's business;

WHEREAS, the Manager and the Member have reviewed the historical performance of the Company and the current and long-term liabilities of the Company; and

WHEREAS, the Manager and the Member have analyzed each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Manager and the Member, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties that a petition (the "***Petition***") be filed by the Company seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***");

FURTHER RESOLVED, that each of Jon P. Venetos and Ashley S. Venetos (each an "***Authorized Person***") shall be, and hereby is authorized, directed, and empowered on behalf of and in the name of the Company to execute and verify the Petition as well as all other ancillary documents and cause the Petition to be filed in the United Starts Bankruptcy Court for the Southern District of Texas or such court determined to be appropriate by the Authorized Person (the "***Bankruptcy Court***") and make or cause to be made prior to execution thereof any modifications

18327300v2

to the Petition or ancillary documents as the Authorized Person, in such Authorized Person's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (such approval to be conclusively established by the execution thereof by such Authorized Person);

RESOLVED FURTHER, that each Authorized Person, on behalf of the Company, is authorized, empowered and directed to retain the law firm of Porter Hedges LLP ("**PH**") as bankruptcy counsel to represent and assist the Company in carrying out its duties under Chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and each Authorized Person is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of PH;

RESOLVED FURTHER, that each Authorized Person be, and hereby is authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Person is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Petition and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

RESOLVED FURTHER, that each Authorized Person be, and hereby is authorized and empowered to obtain post-petition financing according to terms which may be negotiated by the management of the Company, including under debtor-in-possession credit facilities or the use of cash collateral; and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, each Authorized Person is hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents;

RESOLVED FURTHER, that each Authorized Person be, and hereby is authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by an Authorized Person to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful Chapter 11 case, including, but not limited to marketing and selling substantially all of the assets of the Company and to the development, filing and prosecution to confirmation of a Chapter 11 plan and related disclosure statement; and

RESOLVED FURTHER, that any and all actions heretofore taken by either Authorized Person, the Manager or the Member in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

*Appointment of Chief Restructuring Officer*

18327300v2

WHEREAS, the Manager and the Member have determined that it is advisable and in the best interests of the Company to appoint a Chief Restructuring Officer for the Company in connection with the filing of the Petition and other related actions.

NOW, THEREFORE, BE IT RESOLVED, that effective immediately, the following individual shall be, and hereby is, appointed and elected as an officer of the Company, to hold the office indicated below and act in such capacity, until their earlier death, resignation or removal:

Mark Shapiro                       Chief Restructuring Officer

RESOLVED FURTHER, the Authorized Persons shall be, and hereby are, authorized and instructed to execute an engagement letter or other documentation as may be necessary in connection with the appointment of the Chief Restructuring Officer, and to take such further other action to perform the Company's obligations thereunder and in accordance with these resolutions; and

RESOLVED FURTHER, that the Chief Restructuring Officer shall be, and hereby is, authorized, directed and empowered on behalf of and in the name of the Company to take such actions as may be necessary in connection with the Petition, including the execution and filing thereof with the Bankruptcy Court.

*General*

RESOLVED FURTHER, that all acts and deeds heretofore done or actions taken by the Manager, the Member or any officer or agent of the Company for and on behalf of the Company in entering into, executing, acknowledging or attesting any arrangements, agreements, instruments, or documents in carrying out the terms and intentions of the foregoing preambles and resolutions be and each of them hereby are ratified, approved, and confirmed in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, that each Authorized Person be, and hereby is authorized, directed, and empowered, in the name and on behalf of the Company, to take further action as he or she may deem necessary or advisable in connection with the above-referenced transactions, including execution of any document necessary to complete the above-referenced transactions;

RESOLVED FURTHER, that each Authorized Person be, and hereby is authorized, directed and empowered, in the name and on behalf of the Company, to execute and deliver or cause to be executed and delivered any and all other agreements, certificates, reports, applications, notices, letters or other documents (including all instruments contemplated by any of the above documents), and to do or cause to be done any and all further acts as such Authorized Person shall deem necessary, appropriate or desirable to comply with the applicable laws and regulations of any jurisdiction (domestic or foreign) or otherwise permit the Company to fully and promptly carry out the purposes and intent of the foregoing preambles and resolutions and to consummate the transactions contemplated thereby, and any such action taken or any agreement, amendment, certificate, report, application, notice, letter or other document executed and delivered by them or any of them in connection with any such action shall be conclusive evidence of their or his or her authority to take, execute and deliver the same; and

3

18327300v2

4

RESOLVED FURTHER, this consent may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. This consent shall be considered executed and delivered upon delivery via email, facsimile, portable document format (pdf) signature of the applicable signatory or any electronic signature of the applicable signatory complying with the U.S. federal ESIGN Act of 2000 (including DocuSign).

*[Signature page follows]*

4

18327300v2

The undersigned, being the Manager and the Member, execute this written consent effective as of the date first set forth above.

**MANAGER:**

**Lurin Management, Inc.**

By:_____
Jon P. Venetos
President and Chief Executive Officer

**MEMBER**:

**Lurin Real Estate Holdings VI KB 1, LLC**

By:  Lurin Management, Inc., its Manager

By:  _____
Jon P. Venetos
President and Chief Executive Officer

[SIGNATURE PAGE TO WRITTEN CONSENT OF THE SOLE MANAGER AND THE SOLE MEMBER – LURIN REAL ESTATE HOLDINGS VI, LLC]

## LURIN EQUITY PARTNERS VI, LLC

*Written Consent of the Kingbird Member and the Lurin Member*

May 21, 2026

The undersigned, being the Kingbird member (the "***Kingbird Member***") and the Lurin member (the "***Lurin Member***") of Lurin Equity Partners VI, LLC, a Delaware limited liability company (the "***Company***"), hereby approve, consent to, and adopt the following recitals and resolutions, and the actions authorized in such recitals and resolutions, as the act of the Kingbird Member and the Lurin Member by written consent as of the date set forth above.

### Filing of Bankruptcy Petition by Lurin Real Estate Holdings VI, LLC

WHEREAS, pursuant to the First Amended and Restated Limited Liability Company Agreement of the Company dated as of March 1, 2019 (the "***Company Agreement***"), the Company's manager has authority and discretion to manage the operation and affairs of the Company and to make decisions regarding the business of the Company, subject to certain items which the Company Agreement specifies must be approved by a requisite consent consisting of the Kingbird Member and the Lurin Member, including but not limited to "taking any Bankruptcy Action with respect to the Company or any Company Subsidiary," Company Agreement ¶ 9.2.2(b);

NOW, THEREFORE, BE IT RESOLVED, that the Kingbird Member and the Lurin Member each approve of and consent to the filing of a petition (the "***Petition***") by Lurin Real Estate Holdings VI, LLC, a Delaware limited liability company (the "***SPE***"), a subsidiary of the Company, seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***").

### General

RESOLVED FURTHER, that any officer or agent of the Company be, and hereby is authorized, directed, and empowered, in the name and on behalf of the Company, to take further action as necessary or advisable in connection with the filing of the Petition, including execution of any document necessary in relation to the Petition proceeding;

RESOLVED FURTHER, that this consent applies to the Petition filing only and the Kingbird Member reserves all rights under law and equity in the bankruptcy proceeding; and

RESOLVED FURTHER, this consent may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. This consent shall be considered executed and delivered upon delivery via email, facsimile, portable document format (pdf) signature of the applicable signatory or any electronic signature of the applicable signatory complying with the U.S. federal ESIGN Act of 2000 (including DocuSign).

*[Signature page follows]*

18355023v1

The undersigned, being the Kingbird Member and the Lurin Member, execute this written consent effective as of the date first set forth above.

KINGBIRD MEMBER:

Kingbird Commando, LLC
a Delaware limited liability company

By: Kingbird Holdings USA, LLC,
a Delaware limited liability company

By: 5S, LLC,
a Puerto Rico limited liability company

By:_____
Luis Raúl Solá
Authorized person

LURIN MEMBER:

Lurin Multi-Family Group II, LLC

By:     Lurin Capital, LLC,
        Its managing member

By:_____
Jon P.. Venetos
Chief Executive Officer

[SIGNATURE PAGE TO WRITTEN CONSENT OF THE KINGBIRD MEMBER AND THE LURIN MEMBER – LURIN EQUITY PARTNERS VI, LLC]

18355023v1

# LURIN REAL ESTATE HOLDINGS VI, LLC

*Written Consent of the Independent Managers*

June 3, 2026

The undersigned, being the independent managers (the "***Independent Managers***") of Lurin Real Estate Holdings VI, LLC, a Delaware limited liability company (the "***Company***"), hereby approve, consent to, and adopt the following recitals and resolutions, and the actions authorized in such recitals and resolutions, as the act of the Independent Managers by written consent as of the date set forth above.

## *Filing of Bankruptcy Petition*

WHEREAS, pursuant to the Third Amended and Restated Company Agreement of the Company dated effective as of August 14, 2024 (the "***Company Agreement***"), the Company's manager (the "***Manager***") has exclusive and complete authority and discretion to manage the operation and affairs of the Company and to make all decisions regarding the business of the Company, subject to certain items which the Company Agreement specifies must also be approved by the Independent Managers and the sole member of the Company (the "***Member***");

WHEREAS, the Company Agreement specifies that making any filing or taking any other action under creditors rights laws, including bankruptcy, would be a material action requiring the unanimous consent of the Manager, the Member and the Independent Managers;

WHEREAS, the Independent Managers, acting pursuant to the laws of the State of Delaware, have had the opportunity to consult with legal advisors of the Company, as well as their own legal counsel, and have considered the information provided by the Company's legal advisors, including their conclusion that they believe that the best way to maximize value is to pursue a sale out of a chapter 11 bankruptcy, and considered the strategic alternatives available to the Company in connection therewith; and

WHEREAS, the Independent Managers, based on their review and consideration of the materials provided, determine it to be desirable and in the best interests of the Company, its creditors, and other parties in interest for the Company to seek relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***").

NOW, THEREFORE, BE IT RESOLVED, that the Independent Managers consent to the commencement of bankruptcy proceedings through a petition (the "***Petition***") to be filed by the Company seeking relief under the Bankruptcy Code; and

RESOLVED FURTHER, this consent may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. This consent shall be considered executed and delivered upon delivery via email, facsimile, portable document format (pdf) signature of the applicable signatory or any electronic signature of the applicable signatory complying with the U.S. federal ESIGN Act of 2000 (including DocuSign).

[SIGNATURE PAGE TO WRITTEN CONSENT OF THE INDEPENDENT MANAGERS – LURIN REAL ESTATE HOLDINGS VI, LLC]

The undersigned, being the Independent Managers, execute this written consent effective as of the date first set forth above.

**INDEPENDENT MANAGERS:**

Signed by:

*John P. Barber, Jr*

45E8DF3803624A3...

John P. Barber, Jr.

Amanda Pannaggio

SimplyAgree Sign signature packet ID: 92cbf18c-9b00-4592-9e4a-c4affe4976a3

**Fill in this information to identify the case:**

Debtor name  Lurin Real Estate Holdings VI, LLC

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration Voluntary Petition for Non-Individuals Filing for Bankruptcy

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 3, 2026  **x** *Mark Shapiro*
              Signature of individual signing on behalf of debtor

                Mark Shapiro
                Printed name

                Chief Restructuring Officer
                Position or relationship to debtor

# United States Bankruptcy Court
## Southern District of Texas

In re    Lurin Real Estate Holdings VI, LLC       Case No. _____

                              Debtor(s)          Chapter    11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Lurin Equity Partners VI, LLC<br>2101 Cedar Springs, Suite 1050<br>Dallas, TX 75201 | | | 100% |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.


Date    June 3, 2026                 Signature   *Mark Shapiro*

                                                Mark Shapiro

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders